**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCUS LYNCH,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:20-cv-01607** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **WILLIAM BARR, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

On September 4, 2020, pro se Petitioner Marcus Lynch ("Petitioner"), who is presently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCIA Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner filed a "verified statement of jurisdictional facts" (Doc. No. 4) on September 21, 2020 and paid the requisite filing fee on September 30, 2020. For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction.

## I.     BACKGROUND

On December 4, 2018, Petitioner pled guilty in the United States District Court for the Western District of New York to one (1) count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See United States v. Lynch, No. 6:18-cr-6123-CJS-MWP-1 (W.D.N.Y.) (Doc. No. 22). On March 15, 2019, Petitioner was sentenced to serve thirty (30) months' incarceration, to run concurrently with the sentence Petitioner was then serving for a New York State parole violation. See id. (Doc. No. 32). Petitioner did not appeal and did not seek post-conviction relief via a motion to vacate pursuant to 28 U.S.C. § 2255.

Petitioner's § 2241 petition consists of forty-six (46) pages, and both it and his "verified statement of jurisdictional facts" are substantially similar to § 2241 petitions filed by other

federal inmates in this Court.  See, e.g., Lopez-Pena v. Barr, No. 1:20-cv-183 (M.D. Pa.).  In his

§ 2241 petition, Petitioner asserts that his conviction and sentence are illegal for various reasons.

(Doc. No. 1.)  For example, Petitioner maintains that: (1) Respondents "did not have the required

executive authority to detain" him; (2) Respondents did not "have the requisite jurisdictional

authority to enter [his] residential [s]tate, under force of arms, to subject" him to detention; (3) he

"was not tried under any semblance of due process"; (4) his conviction was "not based upon the

supreme law of the land but was based upon unofficial dicta"; (5) Respondents are "financially

incentivized to incarcerate him irrespective of legality"; and (6) the presumption of his "actual

innocence was never overcome." (Id. at 8.)  Petitioner also contends that his indictment was "not

presented before a grand jury [and] did not have any true-bill documentation." (Id. at 6.)  As

relief, Petitioner requests that the Court "accept [his] uncontested statements of facts and

evidence as true" and to order Respondents to "discharge and release [him] from custody

immediately, without delay." (Id. at 9.)

## II.    DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254

(2004).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b).  See, e.g.,

Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part,

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

notify the petitioner." See Rule 4, 28 U.S.C. foll. § 2254.

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a

motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar

with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence."  See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief.  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court."  See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020).  Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping

requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119

F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must
> assert a "claim of 'actual innocence' on the theory that 'he is being detained for
> conduct that has subsequently been rendered non-criminal by an intervening
> Supreme Court decision' and [Third Circuit] precedent construing an intervening
> Supreme Court decision"—in other words, when there is a change in statutory
> caselaw that applies retroactively in cases on collateral review. And second, the
> prisoner must be "otherwise barred from challenging the legality of the conviction
> under § 2255." Stated differently, the prisoner has "had no earlier opportunity to
> challenge his conviction for a crime that an intervening change in substantive law
> may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119

F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241,

the § 2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290

F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner challenges his conviction and sentence, presenting several

arguments for why they are invalid. (Doc. No. 1.) Petitioner, however, has not met his burden

of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality

of his detention. Moreover, while Petitioner references actual innocence, his claims are not

premised on any intervening change in substantive law that would negate the criminal nature of

his conduct so that his conviction is no longer valid. See Cromitie v. Howard, No. 4:20-cv-991,

2020 WL 4734977, at *2 (M.D. Pa. Aug. 14, 2020) (concluding the same with respect to the

inmate-petitioner's substantially similar § 2241 petition). While Petitioner has not filed a § 2255

motion challenging his conviction and sentence, this Court has noted that "[t]he remedy afforded

under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under

§ 2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11,

2018). Likewise, as noted above, "§ 2255 is not inadequate or ineffective merely because the

petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."[1]  See Long, 611

F. App'x at 55.  Therefore, Petitioner may not rely upon § 2241 to raise his claims, and the Court

will dismiss his § 2241 petition for lack of jurisdiction.

## III.   CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to

Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization

requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply.  Because Petitioner

is not detained because of a process issued by a state court and the petition is not brought

pursuant to § 2255, no action by this Court with respect to a certificate of appealability is

necessary.  An appropriate Order follows.

---

[1] Generally, § 2255 motions must be filed within one (1) year of the date on which the conviction
and sentence became final.  See 28 U.S.C. § 2255(f)(1).  In the instant case, Petitioner's
conviction and sentence became final on March 29, 2019, when his time for filing a direct appeal
to the United States Court of Appeals for the Second Circuit expired.  See Kapral v. United
States, 166 F.3d 565, 577 (3d Cir. 1999).  Thus, if Petitioner had filed a § 2255 motion instead of
his § 2241 petition, the § 2255 motion would have been untimely under § 2255(f)(1) because his
time for filing a motion under that provision expired on March 29, 2020.  Section 2255(f) does,
however, permit belated commencement of the one-year limitation period in certain
circumstances.  See 28 U.S.C. § 2255(f)(2)-(4).  Upon review of Petitioner's § 2241 petition,
however, the Court cannot conclude that Petitioner relies upon any of those circumstances.
Accordingly, the Court declines to transfer Petitioner's § 2241 petition to the sentencing court
for treatment as a § 2255 motion because such would not be "in the interest of justice."  See 28
U.S.C. § 1631.